**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CYNTHIA FITZGERALD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Case No. 3:25-CV-03280-O** |
| **EXCELIN HOLDINGS, LLC,** | § | |
| **EXCELIN HOME HEALTH,** | § | |
| **LLC, and CORINTHIAN** | § | |
| **CAPITAL GROUP LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Excelin Holdings, LLC, Excelin Home Health, LLC, and Corinthian Capital Group, LLC (collectively, "Defendants") hereby file the following Answer to Plaintiff Cynthia Fitzgerald's ("Plaintiff") Original Petition ("Petition" or "Complaint") subject to their right to compel arbitration as follows:

## INTRODUCTION AND STATEMENT ON ARBITRATION AND PENDING MOTIONS TO EXTEND TIME AND STAY PROCEEDINGS

The above captioned lawsuit is subject to an arbitration agreement between Plaintiff and Defendants. Defendants intend to enforce the arbitration agreement and compel Plaintiff to arbitration. This Answer is submitted expressly subject to Defendants' right to compel enforcement of their arbitration agreement with Plaintiff.

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants answer Plaintiff's Complaint as follows in correspondingly-

numbered paragraphs:[1]

### *I. Discovery Control Plan*

1. Paragraph 1 is a characterization of Plaintiff's lawsuit and requires no response. To the extent Paragraph 1 is construed to assert factual allegations, they are denied.

### *II. Parties*

2. Defendants are without knowledge or information sufficient to admit or deny the truth of the factual allegations set forth in Paragraph 2, and therefore the allegations are denied.

3. Defendants admit Defendant Excelin Holdings, LLC is a foreign limited liability company, and that it may be served with process through its registered agent, Corporation Service Company, as alleged. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants admit that Defendant Excelin Home Health, LLC is a foreign limited liability company, it is a wholly-owned subsidiary of Excelin Holdings, LLC, and that it may be served with process through its registered agent, Corporation Service Company, as alleged. Defendant Excelin Home Health, LLC denies that its principal place of business is in Texas.

5. Defendants admit that Defendant Corinthian Capital Group, LLC is a foreign limited liability company with its principal office at the address alleged, it does not maintain a regular place of business in Texas, and it does not have a

[1] Defendants use the headings employed by Plaintiff strictly as a convenience to the Court and do not admit any allegation made in, or inference suggested by, such headings.

designated registered agent for service of process in Texas. Defendants deny the remaining allegation in Paragraph 5.

### *III. Jurisdiction and Venue*

6. Defendants are without knowledge or information sufficient to admit or deny whether all or a substantial part of the events giving rise to Plaintiff's alleged causes of action occurred in Dallas County, Texas, and therefore such allegations are denied. Defendants admit the amount in controversy exceeds the minimum jurisdictional requirements of this Court. The allegation that this Court has personal or subject matter jurisdiction on the bases alleged is a legal conclusion to which no response is required.

7. Defendants deny they maintain principal offices in Dallas County, Texas. Defendants are without knowledge or information sufficient to admit or deny whether all or a substantial part of the events giving rise to Plaintiff's alleged causes of action occurred in Dallas County, Texas, and therefore such allegations are denied. The remainder of Paragraph 7 consists of legal conclusions to which no response is required.

### *IV. Factual Background*

8. Defendants admit that Plaintiff founded Excelin Home Health, LLC. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8, and therefore such allegations are denied.

9. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9, and therefore such allegations are denied.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 10, and therefore such allegations are denied.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff's role was changed from CEO to Director of Business Development in November 2019. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff was advised that Excelin needed to add personnel and that she needed to relinquish some of her equity and options, but Defendants lack information or knowledge sufficient to admit or deny that the same occurred entirely in May 2020 as alleged in Paragraph 14 of the Complaint. Defendants deny the remaining allegations in Paragraph 14 on the Complaint.

15. Defendants admit that Ms. Fitzgerald was advised in July 2020 that her employment agreement was not going to be renewed and she was terminated in November 2020. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff negotiated a settlement agreement that was executed in December of 2021. Defendants deny the remaining allegations in Paragraph 16, including footnote 3, of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18, including footnote 4, of the Complaint.

19. Defendants deny the allegations in Paragraph of the Complaint.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore such allegations are denied.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 27 of the Complaint regarding individuals who “directly and actively” participated in the settlement negotiations and mediation, and therefore such allegations are denied. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants admit that Plaintiff purports to bring suit alleging claims for fraudulent inducement, fraud by nondisclosure, conspiracy to commit fraud, and declaratory relief that the Settlement Agreement is void and unenforceable in its entirety and state the Complaint speaks for itself. The remainder of Paragraph 31

contains no factual allegations to which a response is required.

## *V. Causes of Action*

### *A. Count 1: Fraud in the Inducement*

32. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 31.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

### *B. Count 2: Fraud by Nondisclosure*

36. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 35.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

### *C. Count 3: Conspiracy to Defraud*

42. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 41.

43. Defendants admit that they participated in informal and formal settlement discussions, including a mediation, culminating with the execution of a settlement agreement. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

***D. Count 4: Declaratory Relief***

45. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 44.

46. Paragraph 46 contains no factual allegations to which a response is required.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. To the extent Paragraph 49 of the Complaint is construed to assert any factual allegations against Defendants, Defendants deny such allegations. Defendants further deny Plaintiff is entitled to the relief sought therein.

***VI. Attorneys' Fees***

50. Paragraph 50 contains no factual allegations to which a response is required.

***Jury Demand***

51. The unnumbered paragraph within this section contains no factual allegations to which a response is required.

***Prayer***

52. Defendants deny Plaintiff is entitled to the relief sought in the Prayer, including subparts a. through d.

## AFFIRMATIVE DEFENSES

Subject to their right to compel arbitration, Defendants assert the following

affirmative defenses to Plaintiff's claims, and each defense is pleaded in the alternative to the extent necessary:

1. Plaintiff fails to state a cause of action against Defendants upon which relief can be granted, and Plaintiff's claims against Defendants fail as a matter of law.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff waived any claims or rights asserted in this action by her own conduct, representations, or failure to act, as applicable.

4. Plaintiff is estopped from asserting claims against Defendants due to her own conduct, representations, or omissions, including any false representations or concealment of material facts.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as Plaintiff unreasonably delayed in asserting her rights to the prejudice of Defendants.

6. Plaintiff, by her conduct, ratified the acts or agreements of Defendants, thereby precluding her from asserting her claims.

7. Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to mitigate her alleged damages.

Each of the foregoing defenses is asserted to the extent applicable to the claims and allegations in Plaintiff's Complaint, and Defendants do not admit any facts by asserting these defenses.

## CONCLUSION

WHEREFORE, having fully answered or further responded to the allegations in the Complaint, and subject to their right to compel arbitration, Defendants pray as follows:

(1) That Plaintiff take nothing by virtue of the Complaint and that this action be dismissed in its entirety and with prejudice;

(2) For costs of suit and attorneys' fees incurred; and

(3) For such other relief as the Court may deem just and proper.

Dated: January 28, 2026.

Respectfully submitted,

*/s/Justin R. Opitz*
Justin R. Opitz
Texas Bar No. 24051140
jopitz@mcguirewoods.com
Melissa M. Hensley
Texas Bar No. 00792578
mhensley@mcguirewoods.com
Cory R. Ford
Texas Bar No. 24121098
cford@mcguirewoods.com
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

**ATTORNEYS FOR DEFENDANTS EXCELIN HOLDINGS, LLC, EXCELIN HOME HEALTH, LLC, AND CORINTHIAN CAPITAL GROUP, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2026 a true and correct copy of the foregoing was served via mail and the Court's CM/ECF electronic filing and notification system, as follows:

Robert A. Hawkins
bhawkins@plattrichmond.com
Kinsey D. Lakey
klakey@plattricmond.com
Heidi Roskelley
hroskelley@plattrichmond.com
PLATT RICHMOND PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207

*/s/ Justin R. Opitz*
Justin R. Opitz