IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA FITZGERALD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3280-O |
| | § | |
| EXCELIN HOLDINGS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Corinthian Capital Group, LLC ("Corinthian") removed this lawsuit under the Court's diversity subject-matter jurisdiction on November 28, 2025. *See* Dkt. No. 1.

Through the notice of removal, Corinthian informs the Court that this lawsuit was filed in state court on November 25, 2025 and that "service has not been rendered on any of the named Defendants at this time." *Id.* at 2.

And, shortly after removal, the Court entered an order noting that, through its notice, Corinthian

> asserts that Plaintiff is a citizen of Texas and Defendants "Excelin Holdings, LLC and Excelin Home Health, LLC (collectively, the "Excelin Defendants") might be citizens of Texas. Defendant asserts that the Excelin Defendants' "citizenship is irrelevant here[, because] [e]ven if they are citizens of Texas, the forum-defendant rule does not prohibit removal because they were not 'properly joined and served' in this suit at the time of removal." [Dkt. No. 1] at 5. However, this is incorrect. Even in cases of snap removal, "[c]omplete diversity is still required even if one or more defendants have not been served." *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022).

Dkt. No. 6 (requiring Corinthian "to file additional briefing on whether complete

diversity exists no later than December 10, 2025" (emphasis omitted)); *cf. Levy*, 52 F.4th at 247 ("A snap removal is a term of art used to describe a defendant's proper invocation of [28 U.S.C.] § 1441(b)(2) to remove an action before a named co-defendant, who is a citizen of the forum, has been served. If the unserved co-defendant had already been served, then removal would not be permissible.").

On December 10, Corinthian filed an amended notice of removal [Dkt. No. 8] and a Notice to the Court Regarding Diversity of Citizenship [Dkt. No. 9]. (These filings appear to correct the deficiency noticed by the Court, and subject-matter jurisdiction has not been otherwise challenged.)

Plaintiff Cynthia Fitzgerald then moved to remand this lawsuit on December 26, 2025, asserting that Corinthian's removal was procedurally defective because it violated the "rule of unanimity":

> although Defendant Excelin Holdings, LLC purported to "consent" to Corinthian's removal through its counsel of record in connection with the Amended Notice of Removal, filed on December 10, 2025, Excelin Holdings, LLC cannot effectively provide consent to removal due to its "inactive" and "forfeited" status under Texas law. As such, there is a procedural defect in the removal, and this case should be remanded.

Dkt. No. 16.

Chief United States District Judge Reed O'Connor referred the motion to remand to the undersigned United States magistrate judge under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 17.

The parties then briefed the motion to remand. *See* Dkt. Nos. 25 & 22. And Defendants filed a Joint Notice of Removal [Dkt. No. 22] on January 14, 2026.

And, for the reasons set out below, the Court should deny the motion.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

So, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand

may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392 (cleaned up; citing 28 U.S.C. § 1447(c)); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

"To effectuate proper removal, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Bailey v. Blue Cross & Blue Shield of Tex.*, 504 F. Supp. 3d 591, 594 (S.D. Tex. 2020) (quoting 28 U.S.C. § 1446(b)(2)(A)).

"This is referred to as the 'rule of unanimity' and requires 'that all defendants to an action either sign the original [notice of] removal or timely file written consent to the removal ... within thirty days of services of the state-court petition.'" *Id.* (quoting *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015)).

And "[t]he defendants who remove the case 'bear the burden of establishing compliance with the rule of unanimity.'" *Id.* (quoting *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015)).

"[T]he failure to join in the removal petition is procedural and 'not a jurisdictional defect.'" *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018) (per curiam) (quoting *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990)).

And, so, it must be raised through a motion to remand filed no later than 30 days after the notice of removal – which Fitzgerald has done here. *Compare* Dkt. No.

1, *with* Dkt. No. 16.

Fitzgerald's remand motion is aimed at Corinthian's amended notice of removal and alleges that Corinthian's removal was defective because, through that notice,

> Corinthian invoked the protection and applicability of the unanimity rule through the Declaration of its counsel of record, Melissa H. Hensley, who is also counsel of record for co-Defendants Excelin Home Health, LLC and Excelin Holdings, LLC. Ms. Hensley's Declaration expressly states: "Defendant Excelin Holdings, LLC and Defendant Excelin Home Health, LLC hereby consent to Corinthian Capital Group LLC's Notice of Removal filed November 28, 2025 and the Amended Notice of Removal filed December 10, 2025." [*See* Doc. 8-12, ¶ 3]. According to the Texas Secretary of State, however, Excelin Holdings, LLC is "inactive" and has "forfeited [its] existence" as of February 2020.

Dkt. No. 16 at 4 (citation omitted).

In their response to Fitzgerald, Defendants' first two arguments are, in sum, (1) that "under Fifth Circuit law, Excelin Holdings, LLC's consent was not required to effectuate Corinthian's Amended Notice of Removal because service had not been rendered," meaning that "the only basis Plaintiff offers for remand – purported defects in 'consent' – is irrelevant" and (2) that, "even if consent was necessary and impacted by forfeiture of Excelin Holdings, LLC's registration with the Secretary of State, that registration has been reinstated, and out of caution, all three Defendants subsequently timely joined in a new valid notice of removal filed before the January 16, 2026 removal deadline," which "obviates any need to review Corinthian's Amended Removal as Plaintiff requests in her Motion, and renders her Motion moot." Dkt. No. 25 at 5 (citing Dkt. No. 22).

As with most things in life, timing is everything. Removals are no exception.

That is because the record contains three separate notices of removal [Dkt. Nos. 1, 8, & 22] and Section 1446(b)(1) permits (in part) seriatim notices like that by providing that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* And, so,

> [p]rior to the expiration of Section 1446(b)'s thirty-day period, a defendant can freely amend its notice of removal. *See Richardson v. United Steel Workers of America*, 864 F.2d 1162, 1165 (5th Cir. 1989); *see also* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed.2011). After the thirty-day period has passed, the district court can grant the defendant's leave to amend its removal notice under 28 U.S.C. § 1653, in order to cure "technical defects." *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1258 n. 5 (5th Cir. 1988) (stating that Section 1653 should be "liberally construed").

*Wilson v. Int'l Bus. Machs. Co.*, No. 3:11-cv-944-G, 2011 WL 4572019, at *2 (N.D. Tex. Oct. 4, 2011) (cleaned up).

For Corinthian, Section 1446(b)'s thirty-day period appears to have started on November 25, 2025. *See, e.g.*, Dkt. No. 1-11 (certificate of interested persons attached to the notice of removal dated Nov. 25, 2025). But it certainly started no later than the date on which it filed the notice of removal, on November 28, 2025.

And, that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state" (a so-called snap removal), as occurred here, *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020), does not affect the fact that Corinthian had "receipt," "through service or otherwise," of the

state court petition no later than November 28, 2025.

So, to resolve the motion to remand, the Court should not consider Defendants' January 14, 2026 joint notice of removal, because it was filed without leave outside Section 1446(b)'s thirty-day period.

And, to the extent that it was filed to cure any procedural defect in this removal, its filing outside the thirty-day period prevents the Court from considering it for that purpose. *See A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)); *Marshall v. Skydive Am. S.*, 903 F. Supp. 1067, 1070-71 (E.D. Tex. 1995) ("FXC contends that even if an error in removal was made," as to the rule of unanimity, "such error can be cured by filing an amended notice. This is not so. A defendant is free to amend a notice of removal within the thirty day period as set forth in § 1446(b). Once the thirty day period has expired, any amendments to the notice of removal must be made pursuant to 28 U.S.C. § 16537. The right of a defendant to amend the notice of removal under § 1653 is a limited one because amendments are permitted solely to cure 'defective allegations of jurisdiction' and cannot be used to amend 'a substantial defect in removal proceedings.' Defendants argue that *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145 (5th Cir. 1979), allows amendment to notices of removal such as the one sought by FXC in this

case. However, in McDuffie, amendments were allowed to cure defective allegations of jurisdiction, not defects in the removal procedure. As previously stated, defendants' failure to join all defendants in the notice of removal within the thirty day period proscribed by 28 U.S.C. § 1446(b) is a non-jurisdictional defect. Thus, this Court finds where the notice of removal is procedurally defective, 28 U.S.C. § 1653 cannot be used as a means to cure what is otherwise a substantial defect in the removal proceedings." (cleaned up)).

But the Court need not consider the January 14, 2026 joint notice to deny the motion to remand.

That's because the rule of unanimity was not violated by this removal where no parties had been served as of the filing of the amended notice. *See* Dkt. No. 8, ¶ 8; *Bailey*, 504 F. Supp. 3d at 594 ("A codefendant who has not been served when the notice of removal is filed need not consent to it." (citing *Getty Oil Corp.*, 841 F.2d at 1261 n.9)).

So, at most, the error that underlies the remand argument is a misstatement in the amended notice of removal and a declaration attached thereto that the non-removing defendants have consented – to the extent that Fitzgerald is also correct that one of those defendants lacked the capacity to consent.

And Fitzgerald provides no authority to support that such an error mandates remand under Section 1447(c). *See* Dkt. No. 32.

Regardless, the fact remains that none of the defendants had been served, so Corinthian did not need their consent.

And, so, the rule of unanimity was not violated.

## Recommendation

The Court should deny Plaintiff Cynthia Fitzgerald's motion to remand [Dkt. No. 16].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE