IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA FITZGERALD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3280-O |
| | § | |
| EXCELIN HOLDINGS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Corinthian Capital Group, LLC ("Corinthian") removed this lawsuit under the Court's diversity subject-matter jurisdiction on November 28, 2025. *See* Dkt. No. 1; *see also Fitzgerald v. Excerlin Holdings, LLC*, No. 3:25-cv-3280-O, 2026 WL 2577074 (N.D. Tex. Aug. 14, 2026), *rec. accepted*, 2026 WL 2574348 (N.D. Tex. Aug. 31, 2026) (denying motion to remand).

While the motion to remand was pending, Corinthian and Defendants Excelin Holdings, LLC and Excelin Home Health, LLC moved to stay this case and compel arbitration based on the provisions of a settlement agreement that Fitzgerald entered, and Defendants moved to file their motion to stay and compel under seal. *See* Dkt. Nos. 33-36.

Chief United States District Judge Reed O'Connor referred both motions to the undersigned United States magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 37.

Fitzgerald responded to both motions. *See* Dkt. Nos. 38, 43, & 44. But Defendants only replied to the motion to stay and compel, *see* Dkt. No. 45, and thus

have not directly taken on Fitzgerald's opposition to the motion to seal.

To start, neither referred motion is dispositive of either this case or any claim or defense within it, such that a ruling on either motion would count as a final exercise of Article III power, and, so, the undersigned is authorized to enter an order as to each. *See, e.g.*, *Horton v. LeafFilter N. LLC*, No. 3:25-cv-2138-X-BN, 2026 WL 1142385, at *1 (N.D. Tex. Apr. 27, 2026) (as to motions to stay and compel arbitration).

And both motions are DENIED WITHOUT PREJUDICE for the following reasons.

Defendants' sealing request relies on the fact that the motion to stay and compel quotes from provisions of the parties' settlement agreement and that the parties agreed to keep confidential that agreement – the sole exhibit to the motion to stay and compel.

And, so, the scope of what Defendants argue should be kept from public view are the entirety of the settlement agreement and portions of the motion to stay and compel that reference or reveal provisions of the agreement.

"Once a document is filed on the public record" – even an executed and otherwise confidential settlement agreement offered as an exhibit – "it becomes a 'judicial record.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

And "the working presumption is that judicial records should not be sealed."

*Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citing *Vantage*, 913 F.3d at 450).

In fact, the United States Court of Appeals for the Fifth Circuit "require[s] information that would normally be private to become public by entering the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022).

And, so, to overcome this presumption – that a private, confidential document otherwise protected from disclosure loses that protection once it's transformed into a judicial record – the Fifth Circuit has directed its district courts to "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and to explain their sealing decisions "at a level of detail that will allow for [appellate] review." *Le*, 990 F.3d at 419 (cleaned up); *see also I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023) ("We recently instructed that courts should be ungenerous with their discretion to seal judicial records and warned that we heavily disfavor sealing information placed in the judicial record. In light of these admonitions, it is clear that this record was over-sealed" where the district court's "orders fail to acknowledge the public interest in access to judicial records and fail to articulate any reasons that would support sealing." Consequently, "[t]hese orders must be vacated." (cleaned up)).

Defendants' sealing analysis fails to meet this granularity requirement. Which means that the Court cannot prepare an order that will allow for appellate review.

First, as Fitzgerald points out, "Defendants' Motion is [ ] silent as to whether

confidentiality was a material inducement to settlement." Dkt. No. 38 at 3.

But, even if maintaining the level of "confidentiality [that Defendants now seek as to the terms of the settlement agreement] was a 'material inducement for [the parties] to enter into [the settlement agreement,]'" the Court would abuse its discretion to accept the high-level, vague analysis that Defendants offer up. *Varsity Gay League LLC v. Nichols*, No. 3:22-cv-2711-B, 2023 WL 5284842, at *2 (N.D. Tex. Aug. 16, 2023) (quoting *Seals v. Herzing Inc. – New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (per curiam)); *see also Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 228 (5th Cir. 2020) ("While the district court did not balance this possible factor, the district court also considered that 'keeping the settlement terms confidential [might have been] a factor in the parties' decision to settle.' The district court did not give this potentiality any weight because the record does not state whether keeping the settlement terms confidential was such a factor. Nor do we. Although the parties agreed to keep the settlement terms confidential at the post-conference meeting, it is unclear whether this agreement was a factor in the parties' decision to settle." (comparing *Seals*, 482 F. App'x at 896 (where there was an "express statement that the confidentiality was a material inducement for a party to settle") with *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (finding that the district court could not "rely on the general interest in encouraging settlement to justify the sealing of an agreement which the parties mistakenly believed would remain confidential"))).

And, as Fitzgerald also argues, the redacted brief in support of motion to stay

and compel is overly broad and so further demonstrates that Defendants have not complied with the strict sealing-of-judicial-records standard dictated by controlling precedent. *See* Dkt. No. 38 at 4-5; *see, e.g.*, *id.* at 4 ("Defendants also propose to redact basic facts such as the names of the Defendants in certain places, but not others, that Ms. Fitzgerald and Excelin Holdings, LLC entered into the Settlement Agreement, and the existence of signatures on the Settlement Agreement. On page 4 of Defendants' Brief, they propose to redact the very arbitration provision they are relying on in order to attempt to compel arbitration in this matter. There is nothing commercially sensitive or proprietary about a basic arbitration clause." (footnotes omitted)).

And, because the Court must deny – without prejudice – the motion to seal, the Court cannot grant the pending motion to stay and compel. A proper redacted version of that motion and its brief must be present in the publicly available record before the Court can rule on the motion. That is because a court must show its work – even if the public may not necessarily be interested. *See Le*, 990 F.3d at 420 ("All too often, judicial records are sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated. This mistake harms the public interest, however interested the public is likely to be." (cleaned up)).

SO ORDERED.

DATED: November 11, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE